UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No: 17-CV-23396

A.F.M., a minor, by and through his parent
and natural guardian, RR,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, A.F.M., a Minor, is non sui juris and his parent and natural guardian is R.R. Plaintiff and his parent are citizens of the state Texas, residents of Houston, and citizens of the United States of America.

2. Defendant, CARNIVAL CORPORATION, is a corporation incorporated under the laws of Panama having its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4. In the event this matter does not come under diversity jurisdiction of this Court, then this matter is being brought under the admiralty and maritime jurisdiction of this Court with a jury trial demanded.

5. Additionally, this matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract.

6. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. Defendant was engaged in the business of providing to the public and to the Plaintiff, for compensation, vacation cruises aboard the *Carnival Breeze*.

7. Defendant is subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Breeze*.

10. On or about March 16, 2017, the Plaintiff was a paying passenger on Defendant's vessel, which was in navigable waters.

11. On or about March 16, 2017, the Plaintiff was injured when he slipped and fell while exiting the Drainpipe slide located on the subject vessel.

12. Plaintiff was attempting to exit the slide.

13. Plaintiff was exiting the Drainpipe slide located on deck 12 of the subject vessel.

14. To the best of Plaintiff's knowledge, he heard someone else coming down the slide.

15. Plaintiff attempt to get up and get out of the way, before the other passenger reach the bottom of the slide.

16. There were no grip and/or handrails to assist him.

17. Plaintiff slipped and/or tripped while exiting the slide.

18. Plaintiff fell forward.

19. As Plaintiff fell forward, he landed face first.

20. This fall caused Plaintiff to suffer grievous bodily injury, including, but not limited to, injury to his two front teeth.

21. Plaintiff subsequently received surgery to extract the teeth, which will require braces, and further dental procedures as a result of the injuries.

22. Due to this incident, Plaintiff suffered other damages, which he will describe later on in this Complaint.

## COUNT I – NEGLIGENCE

23. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-two (22) as though alleged originally herein.

24. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

25. On or about March 16, 2017, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

26. On or about March 16, 2017, Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

a. Failing to properly and safely instruct passengers participating in the subject attraction on its proper use; and/or

b. Failing to warn passengers of the risks and dangers involved with participating in the subject attraction; and/or

c. Failing to properly and adequately supervise the passengers using the subject water slide; and/or

d. Failing to properly and adequately assist the passengers using the subject water slide; and/or

e. Failing to properly and adequately supervise the instructors managing the subject waterslide attraction; and/or

f. Failing to take proper precautions for the safety of passengers when encouraging passengers to participate in the subject water slide attraction; and/or

g. Failing to promulgate and/or enforce rules or procedures to ensure the safety of passengers using the subject water slide attraction; and/or

h. Failing to promulgate and/or enforce rules or procedures to ensure that instructors

are adequately supervising the attraction and instructing passengers in its use; and/or

i. Failing to engage proper and reasonable safeguards to prevent passengers from

being injured while using the subject water slide attraction; and/or

j. Failing to properly and adequately train employees and/or agents acting as

instructors in how to conduct the subject activity safely; and/or

k. Failing to station instructors in proper positions around the subject attraction to help participants in need of aid; and/or

l. Failing to warn passengers of the dangers of participating in the subject attraction;

and/or

m. Failing to supervise its employees/agents instructing and assisting passengers participating in the subject activity; and/or

n. Failing to train its employees/ agents to properly assist and help injured passengers participating in the subject activity; and/or

o. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

p.  Failure to have a non-slip or non-skid flooring surface on or around the subject deck floor and/or adjacent floor; and/or

q.  Failure to employ a flooring material/floor surfacing with adequate non-slip characteristics.

    r. Failure to use proper anti-slippery materials on its floors, so as to prevent passengers from slipping and/or tripping.

    s. Failure to adequately and regularly inspect high passenger traffic areas, in order to maintain it free of potential slipping and/or tripping hazards; and/or

    t. Failure to adequately and regularly inspect high passenger traffic areas, where the incident occurred, in order to maintain it free of potentially dangerous slipping and/or tripping hazards; and/or

All of which caused and/or contributed to the Plaintiff slipping and/or tripping and falling.

27. At all material times, Defendant had exclusive custody and control of the vessel, the *Carnival Breeze*.

28. Defendant designed and/or employed the subject deck floor and/or adjacent floor.

29. Defendant failed to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

30. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct same, and/or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

31. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical

expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

**DATED September 14, 2017.**

        ARONFELD TRIAL LAWYERS
        Attorneys for Plaintiff
        3132 Ponce de Leon Boulevard
        Coral Gables, Florida 33134
        P:    (305) 441.0440
        F:    (305) 441.0198

By:    */s/ Spencer Aronfeld, Esq.*
        **Spencer Aronfeld, Esq.**
        Florida Bar No.: 905161
        Aronfeld@aronfeld.com
        **Lovecia A. Holmes, Esq.**
        Florida Bar No.: 124132
        lholmes@aronfeld.com